UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BLANCA MERCHAIN, et al., | |
| Plaintiffs, | |
| v. | Case No. 3:20-CV-827 JD |
| THOR MOTOR COACH INC, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiffs Blanca and Philip Merchain purchased a new Thor Motor Coach-manufactured RV that proved to have a host of defects. The Merchains made efforts to get the defects fixed, but after repairs proved fruitless, they sued Thor for failing to live up to the limited warranty that had come with the RV. Thor responded to the Merchains' lawsuit by moving the Court for judgment on the pleadings, arguing that the Merchains brought suit after the statute of limitations period on their claim had expired. (DE 38.) The Merchains oppose Thor's motion and maintain they filed on time. For the following reasons, the Court grants Thor's motion.

**I. Factual Background**

The Merchains are California residents who purchased a new, Thor-manufactured RV from a California RV dealer on August 28, 2018. (DE 28 ¶ 4.) The RV came with a limited warranty in which Thor stated it would repair defects in workmanship performed and/or materials used to assemble the RV for twelve months or 15,000 miles, whichever came first, after the Merchains took delivery of the RV. (DE 39-1 at 2–3.)

In addition to setting out the length of its coverage, the warranty included provisions that detailed the extent of the warranty, the timeline in which the Merchains had to bring any claims

for breach of the warranty, and the legal standards that would govern any future causes of action arising from the warranty. Specifically, the warranty stated in bolded, capitalized letters that the warranty was "not a warranty that promises or extends to future performance because the warranty does not make a representation on how [the] motorhome will perform in the future but instead represents only what the remedy will be if a defect exists." (DE 39-1 at 4.) It also stated in bolded, capitalized letters that any action for breach of the limited warranty had to be commenced not more than fifteen (15) months after the breach occurred (DE 39-1 at 3), that exclusive jurisdiction for deciding legal disputes related to breach of the warranty rests in Indiana, that Indiana law would apply to all disputes, including any over statutes of limitations, and that no effect would be given to a conflict of law rule that would result in the application of the laws of a jurisdiction other than Indiana's (DE 39-1 at 5).

The Merchains found a host of problems with their RV after purchasing and taking possession of it. The problems included issues with the fresh and wastewater tanks that led to overflowing, plumbing defects, water heater problems, and chassis failures. (DE 28 ¶ 8.) The Merchains delivered their RV to Thor and Thor's authorized repair facilities to attempt to have these problems fixed, although it is not clear based on the pleadings when those deliveries and attempted repairs were made. What is clear is that the Merchains found the repairs unsatisfactory and untimely, which they viewed as not living up to the promises Thor had made through the limited warranty. (DE 28 ¶ 9.) The Merchains thus sued Thor on May 26, 2020, seeking restitution and costs for the damage they allegedly suffered from Thor's failures to fix or replace the RV. They originally brought several claims but have since clarified they are only proceeding with a claim under California's Song-Beverly Warranty Act ("SBWA") for Thor's failure to conform to the limited warranty. (DE 43 at 2 n.1.)

**II. Standard of Review**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the parties have filed a complaint and answer. Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). A moving party is entitled to judgment on the pleadings when it appears beyond doubt that the non-moving party "cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoors Shows v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

The Court is confined to the matters addressed in the pleadings and must review allegations in the light most favorable to the non-moving party. *See Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 355 (7th Cir. 2005). The pleadings include "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind Gun & Outdoor Shows, Inc.*, 163 F.3d at 452 (citing Fed. R. Civ. P. 10(c)). The Court may also consider documents attached to the motion for judgment on the pleadings provided they are referred to in the plaintiffs' complaint and are central to the plaintiffs' claim. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014).

**III. Discussion**

Thor argues that judgment on the pleadings is appropriate here because the Merchains filed their claim outside the relevant statute of limitations period and are thus legally barred from proceeding with the claim. The Merchains countered that Thor's motion should be denied because Thor's argument is premised on both an incorrect statute of limitations period and the incorrect accrual date for the claim. Deciding whether to grant Thor's motion based on the statute of limitations requires the Court to first answer two preliminary questions. First, the Court must determine which state's law applies to the statute of limitations question on which the

motion is based, and second, the Court must determine how long the statute of limitations period for the Merchains' SBWA claim actually ran. Only then can the Court determine whether the Merchains filed within the required period and whether Thor is entitled to judgment on the pleadings. The Court relies to some extent on the text of Thor's limited warranty covering the RV, which Thor attached to its briefing on the motion, to answer these questions. *See Adams*, 742 F.3d at 729.

*1. Choice of Law*

The Court first looks to whether it must apply Indiana or California law. At the outset, the Court notes that although neither party raised this point, there appears to be a valid choice of law provision in the limited warranty on the Merchains' RV that clearly indicates Indiana law applies to the statute of limitations question. The provision in the warranty states that any causes of action arising out of or relating to the limited warranty must be governed by Indiana law, including statute of limitations questions, and that no conflict of law rule that would result in the application of a state's law other than Indiana's should be given any effect. (DE 39-1 at 5.) The Court finds that warranty language compels application of Indiana law to the statute of limitations question here as the Merchains' claim premised on Thor's failure to conform the RV to the warranty arises out of or relates to the limited warranty.

But even if the warranty did not have such a clear choice of law provision and the Court was bound to a more traditional choice of law analysis like the parties explored in their briefing, the Court would still find Indiana law governs the statute of limitations question. Both parties appeared to agree that this Court, sitting in Indiana, must apply Indiana law when conducting a traditional choice of law analysis. (DE 39 at 3; DE 43 at 3.) Under Indiana law, statute of limitations questions are considered to be procedural in nature and the state's choice of law rules

generally instruct that Indiana's statute of limitations law will thus apply. *See Shearer v. Thor Motor Coach, Inc.*, 470 F. Supp. 3d 874, 879 (N.D. Ind. 2020). There is an exception to that general rule, however, when the statute underlying the cause of action both created a right where none existed at common law and placed a time limitation on the assertion of that right. *Horvath v. Davidson*, 264 N.E.2d 328, 334 (Ind. App. 1970). If that exception applies, a court should apply the law of the state in which the claim arose. The Merchains argued that exception applies here because their claim arises under California's SBWA and is not a standard breach of express warranty claim. (DE 43 at 2.)

But the SBWA is not a statute that qualifies for the exception described in *Horvath*. First, the SBWA did not create a distinct right of action where none existed at common law. Instead, it was enacted to supplement common law breach of warranty claims. *See Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 213 (Ct. App. 1991) (holding the SBWA "supplements, rather than supersedes" the breach of warranty provisions in the Uniform Commercial Code ("UCC")); *Shearer*, 470 F. Supp. 3d at 879 (recognizing that "a breach of warranty claim is at its heart a breach of contract claim and suit for breach of contract existed at common law") (internal quotations omitted). Second, even if the SBWA had created a distinct right, both the Merchains and Thor agree that the statute itself does not impose a time limitation on the assertion of that right. (DE 43 at 4; DE 46 at 4–5.) It was instead the California courts, in the absence of specific statute of limitations language in the SBWA, that decided what the statute of limitations period for an SBWA claim should be. *See Krieger*, 234 Cal. App. 3d at 218. Therefore, the Court finds the exception discussed in *Horvath* does not apply and that a traditional choice of law analysis would also lead the Court to apply Indiana law to decide the statute of limitations question.

*2. Length of limitations period*

Having established that the Court must look to Indiana law, the Court next determines how long the limitations period for the SBWA claim ran. There is an area of agreement between the parties at the outset with regard to the relevant limitations period. They both agree, as do the courts, that the statute of limitations for an SBWA warranty claim is established by the same UCC language that sets the statute of limitations for a generic breach of warranty claim. (DE 43 at 4; 46 at 4–5); *Krieger*, 234 Cal. App. 3d at 215. Both Indiana and California have adopted that UCC language, which states:

1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year, but may not extend it.
2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.

Ind. Code § 26-1-2-725; Cal. Com. Code § 2725.

The parties took divergent views of what that language means for purposes of Thor's motion. Thor argued that the capitalized, bolded portion of its limited warranty that stated any action for breach of the warranty had to be commenced within fifteen months of the breach qualified as an agreement between the parties, consistent with the UCC language, to reduce the limitations period for any claims arising out of the warranty from four years to fifteen months. (DE 39-1 at 3) ("Any action for breach of this twelve (12) month or 15,000 mile limited warranty . . . must be commenced not more than fifteen (15) months after the breach."); (DE 46 at 2–3); Ind. Code § 26-1-2-725; Cal. Com. Code § 2725 ("By the original agreement the parties may

reduce the period of limitation to not less than one (1) year, but may not extend it."). The Merchains countered that the language in the limited warranty does not apply to their claim because their claim arises under the SBWA and is not a standard breach of express warranty claim. They also argued that allowing the limitations period to be shortened would have forced them to waive their rights and remedies under the SBWA, which the SBWA explicitly does not allow. (DE 43 at 6); Cal. Civ. Code § 1790.1. Importantly, the Merchains did not state, and thus can be considered to have waived any argument, that there was a factual dispute about the meaning of the language in the warranty. They only argued that the warranty language "should not apply" because they were "alleging a breach of the Song-Beverly Act, *not* a breach of the express warranty." (DE 43 at 6) (emphasis in original).

Thor has the correct argument here based on the language of the UCC and the language of the limited warranty. The warranty language explicitly and unambiguously stated that "any action" for breach of the warranty had to be brought within fifteen months of the breach. (DE 39-1 at 3.) The Merchains have not disputed that they agreed to the warranty. (DE 43 at 6.) And while the Merchains' SBWA claim may arise under a specific statute instead of being a generic breach claim, the Merchains themselves admitted that their claim is premised on Thor's "failing to conform the RV to the warranty" (DE 43 at 2 n.1), which demonstrates that the action is one for breach of the warranty. Further, prior courts have found that an SBWA claim like the Merchains' is inexorably linked to a breach of express warranty claim. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009) (explaining that the SBWA required the plaintiffs to successfully plead a breach of state warranty law to avoid dismissal); *see also Barakezyan v. BMW of N. Am., LLC*, 2016 WL 11505592, at *8 (C.D. Cal. May 19, 2016); *Darling v. Green*, 2013 WL 12132058, at *4 (C.D. Cal. Apr. 18, 2013) (linking the ability to maintain an SBWA

7

claim to the ability to maintain a breach of express warranty claim under state law). The Merchains' description of the SBWA claim as stemming from Thor's failure to conform the RV to the warranty and prior courts' holdings that SBWA claims are linked to breach of warranty claims demonstrates that the Merchains' SBWA claim fell within the limited warranty's language that made clear that "any action for breach of [the] limited warranty" had to be brought within fifteen months after the breach.

That finding fits with, and is further supported by, the fact that courts have applied the UCC language establishing the statute of limitations for breach of warranty claims to also establish the statute of limitations for SBWA claims. *Krieger*, 234 Cal. App. 3d at 213; Ind. Code § 26-1-2-725; Cal. Com. Code § 2725. The applicable UCC language explicitly allows for a shortening of the statute of limitations time period, by agreement, to not less than one year. The limited warranty validly did that here with its imposition of the fifteen-month timeline on any action for breach of the warranty. (DE 39-1 at 3); *cf. Snow v. Forest River, Inc.*, 2018 WL 6435649, *5 (N.D. Ind. Dec. 7, 2018); *Dixon v. Monaco Coach Corp.*, 2009 WL 187837, at *2 (N.D. Ind. Jan. 27, 2009) (holding RV owner plaintiffs in Magnusson-Moss cases to a shortened, fifteen-month limitations period based on language in their warranties that shortened the limitations period).

The Court finally notes, in response to the Merchains' concern about potential loss of rights and remedies under the SBWA (DE 43 at 6), that the shortened timeline imposed in the warranty did not force them to waive any SBWA rights or remedies. Imposition of a statute of limitations on a plaintiff's statutory claim does not modify the plaintiff's substantive rights under that statute. *See Martin v. Thor Motor Coach, Inc.*, 474 F. Supp. 3d 978, 983 (N.D. Ind. 2020) (explaining that a statute of limitations does not modify rights but only limits the period of time

in which an action may be brought); *Kissel v. Rosenbaum*, 579 N.E.2d 1322, 1326–27 (Ind. Ct. App. 1991) (explaining a statute of limitation is only a procedural constraint on when a suit may be filed). The Merchains still had all of their substantive rights under the SBWA available to them after purchasing their RV whether the limitations period was four years or fifteen months. The only difference was the time in which they were required to exercise those rights. Thus, while the Court may find that there was a procedural limitation imposed on the Merchains through the shortened limitations period, it does not find that the shortened period forced the Merchains to waive any SBWA rights or remedies. The shortened, fifteen-month limitations period imposed in the warranty is therefore properly applied to the Merchains' SBWA claim.

### 3. *Timing of breach*

Having established that Indiana law applies to the Court's consideration of the statute of limitations and that the limitations period for the Merchains' claim was fifteen months as established in the limited warranty, the Court moves to the ultimate question of whether the Merchains' filed outside the limitations period. The answer depends on when the "breach" giving rise to the Merchains' claim is considered to have occurred. The UCC statute of limitations language that applies to an SBWA claim states that a cause of action "accrues when breach occurs" and that breach occurs "when tender of delivery is made" except "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered." (DE 43 at 4; DE 46 at 4–5); Ind. Code § 26-1-2-725; Cal. Com. Code § 2725.

The parties took divergent views of what that language means for breach in this case. Thor argued that the limited warranty did not explicitly extend to future performance, which meant any breach occurred upon tender of delivery. (DE 39 at 4.) The Merchains disagreed, once

again arguing that because their SBWA claim is different than a generic breach of warranty claim, the claim deserves different treatment under the law. They specifically argued that any SBWA claim gets the advantage of the UCC's caveat for warranties that extend to future performance of the goods, meaning that breach is only considered to have occurred when the breach is or should have been discovered, otherwise known as the "discovery rule." (DE 43 at 4–5.) The Merchains supported their position with reference to the fact that a consumer must give a manufacturer at least two opportunities to repair a defect before bringing an SBWA claim as well as citation to a California appellate decision that stated application of the discovery rule fit with the SBWA's purpose given the statute's multiple-repair requirement. (DE 43 at 5) (citing *Krieger*, 234 Cal. App. 3d at 218–19 (explaining that adopting a position that allowed an SBWA claim to accrue upon tender of delivery instead of applying the discovery rule would undermine the legislative purpose of the SBWA)); *Silvio v. Ford Motor Co.*, 109 Cal. App. 4th 1205, 1207 (2003).

      While the Merchains are correct that *Krieger* included language about the discovery rule aligning with the requirements for an SBWA claim, a review of subsequent caselaw interpreting and extending *Krieger* to other SBWA claims shows that those courts did not read *Krieger* as broadly mandating that the discovery rule be applied to any SBWA claim, as the Merchains argued. Instead, in line with the UCC language, the courts interpreted *Krieger* as applying the discovery rule only to those SBWA claims premised on a warranty that explicitly extended to future performance. *See Yetter v. Ford Motor Co.*, 428 F. Supp. 3d 210, 221–22 (N.D. Cal. 2019) (quoting *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal App. 4th 116, 130 (2008) (citing *Krieger*, 234 Cal. App. 3d at 217–19)) (holding that "[u]nder the Song-Beverly Act, an express warranty claim normally accrues at tender of delivery, with a limited exception for future

performance" and that "the future performance exception 'applies only when the seller has expressly agreed to warrant its product *for a specific and defined period of time*'") (emphasis in original); *Rodarte v. Ford Motor Co.*, 2019 WL 1100150, at *5 (C.D. Cal. Mar. 7, 2019) (citing *Krieger*, 234 Cal. App. 3d at 217–19) ("The delayed discovery rule applies to Song-Beverly claims where a warranty explicitly extends to future performance of the goods") (internal quotations omitted); *Ferris v. Ford Motor Co.*, 2019 WL 1100376, at *4 (N.D. Cal. Mar. 8, 2019) (holding that the statute of limitations for the plaintiff's SBWA claims began to run upon tender of delivery in the absence of any evidence from the plaintiff that the warranty guaranteed future performance).

      The Court finds that those interpretations align with *Krieger* given that *Krieger* itself involved a warranty that explicitly extended a promise of future performance. 234 Cal. App. 3d at 217 (holding that the warranty promising to repair all defects in the subject vehicle for a period of 36 months or within the first 36,000 miles of use, whichever came first, was "the very definition of [an] express warranty of future performance" under the UCC language). It was only after finding that the warranty before it extended to future performance and triggered the discovery rule that the *Krieger* court added the language the Merchains cited in their response brief about use of the discovery rule aligning with the purpose of the SBWA. 234 Cal. App. 3d at 217–19. After considering *Krieger* and the subsequent caselaw citing to it, the Court finds that a case involving an SBWA claim and a warranty that does not explicitly extend a promise of future performance is distinguishable from *Krieger* and that the Merchains' contention that the existence of an SBWA claim by itself mandates application of the discovery rule to determining breach falls short. Application of the discovery rule to an SBWA claim is instead dictated by whether the warranty on which the claim is premised is a warranty that extends to future

11

performance of the goods. *See Yetter*, 428 F. Supp. 3d at 221–22; *Rodarte*, 2019 WL 1100150 at *5; *Ferris*, 2019 WL 1100376 at *4; Ind. Code § 26-1-2-725; Cal. Com. Code § 2725.

The Court thus moves to determine whether the limited warranty here extended to future performance. Thor's warranty stated that Thor would repair defects in workmanship and/or materials if they arose and that coverage under the warranty would end "twelve (12) months after the first retail owner takes delivery of the motorhome from an authorized dealership or after the odometer reaches 15,000 miles, whichever occurs first." (DE 39-1 at 2–3.) It also stated in capitalized, bolded letters that the warranty "is not a warranty that promises or extends to future performance because the warranty does not make a representation on how [the] motorhome will perform in the future but instead represents only what the remedy will be if a defect exists." (DE 39-1 at 4.)

California and Indiana law differ on how such a warranty is classified. Under California law, a warranty like the one here, which covers repairs for a certain number of miles or a certain amount of time, is considered a warranty extending to future performance. *See Rodarte*, 2019 WL 1100150 at *5 (holding a warranty guaranteeing the vehicle for five years or 100,000 miles qualified as a warranty guaranteeing future performance); *Krieger*, 234 Cal. App. 3d at 217–19 (holding a warranty that guaranteed repair of a vehicle for 36 months or 36,000 miles was "the very definition" of a warranty promising future performance). But in Indiana, it is not. Indiana courts only consider a warranty to extend to future performance of the goods if the warranty's terms "unambiguously indicate the seller is warranting the future performance of the goods for a specified period of time." *See Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E. 3d 370, 377–78 (Ind. 2019). A promise by the warrantor to repair or replace defective goods alone, even if that promise is for a specific amount of time or number of miles, is not considered a

promise of future performance. It is instead understood "as a limited remedy under the warranty agreement." *Kenworth*, 134 N.E. 3d at 379 ("we reject the premise that Sellers' duty to repair and replace defective goods alone constitutes a future-performance warranty under the UCC").

 The Court, as previously explained, must follow Indiana law in coming to its conclusion about the statute of limitations dispute in this case. *See Shearer*, 470 F. Supp. 3d at 879; *Horvath*, 264 N.E.2d at 334. And applying Indiana law leads the Court to conclude the warranty here did not explicitly extend to future performance of the goods. First, the warranty solely promised to repair any covered defects discovered within the twelve-month or 15,0000 coverage period, not that the RV would perform a certain way for the duration of the coverage period. (39-1 at 4.) Pursuant to *Kenworth*, such a promise to repair potential defects is a limited remedy under the warranty, not a promise of future performance. 134 N.E. 3d at 379. Second, the warranty explicitly stated in capitalized, bolded letters that it "is not a warranty that promises or extends to future performance." (DE 39-1 at 4.) Such language further cuts against any argument that the warranty unambiguously indicated it was warranting the future performance of the goods. Because the warranty did not extend to future performance, it follows that the timing of breach of the warranty is not governed by the discovery rule but instead by the time at which tender of delivery occurred. *See Yetter*, 428 F. Supp. 3d at 221–22; *Rodarte*, 2019 WL 1100150 at *5; *Ferris*, 2019 WL 1100376 at *4; Ind. Code § 26-1-2-725; Cal. Com. Code § 2725.

 Having reached that conclusion, the Court finally moves to answer the central question in this case, whether the Merchains' claim is barred by the relevant statute of limitations. It is undisputed that the Merchains received tender of delivery of their RV on August 28, 2018, when they purchased it from a California RV dealer. (DE 28 at 2; DE 39 at 4.) Therefore, breach legally occurred on August 28, 2018. Applying the fifteen-month limitations period that the

13

Court previously found applies means the Merchains had until November 28, 2019, to file their SBWA claim. The Merchains filed their lawsuit on May 26, 2020, and thus filed outside the relevant statute of limitations period. Because the Merchains filed their claim after the statute of limitations period on that claim expired, they cannot succeed on the claim. Judgment on the pleadings is thus appropriate. *See N. Ind. Gun & Outdoors Shows*, 163 F.3d at 452.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant Thor Motor Coach's motion for judgment on the pleadings (DE 38) and dismisses the Merchains' Song-Beverly Warranty Act claim with prejudice.

SO ORDERED.

ENTERED: December 28, 2021

/s/ JON E. DEGUILIO
Chief Judge
United States District Court